**In re Stanley SHAPIRO and Alba Pinzon Shapiro, Debtors.**

**Bankruptcy No. 895–81856–478.**

United States Bankruptcy Court, E.D. New York.

May 19, 1997.

Pinks, Brooks & Arbeit by Steven G. Pinks, Hauppauge, NY, for Ellen Newman.

Long, Tuminello, Besso, Seligman & Quinlan by Harold Seligman, Bay Shore, NY, for debtors.

Stan Yang, Garden City, NY, Trustee.

**DECISION DENYING APPLICATION BY ATTORNEYS FOR SECURED CREDITORS FOR FEES DUE PURSUANT TO 11 U.S.C. §506(b)**

DOROTHY EISENBERG, Bankruptcy Judge.

This matter is before the Court pursuant to an application made by the law firm of Pinks, Brooks & Arbeit ("Pinks"), which represented Ellen Newman ("Newman"), a creditor, in the latter stages of this case. Pinks is seeking compensation from the Debtor in the amount of $5,062.50 under 11 U.S.C. Section 506(b), which authorizes over secured creditors to recover legal fees, costs and interests from the Debtor to the extent allowed by the relevant credit agreement. Based on the terms of the particular credit agreement in this case, which limits the amount of counsel fees for which the Debtor shall be liable to $7,500, and the fact that said amount has already been included in the prepetition state court judgment awarded to Newman, the Court denies Pinks' application.

### FACTS

On January 1, 1990, the Debtor executed an unsecured promissory note in favor of Newman in the original principal amount of $152,000 (the "Note"). The Note provides that in the event that Newman is successful in any action instituted to collect the debt, Newman is entitled to attorneys fees limited to the sum of $7,500. The Debtor defaulted under the Note, and Newman commenced an action in state court to recover the principal balance of the Note. On November 6, 1992, a judgment was entered on behalf of Newman and against the Debtor in the sum of $174,-357.82. The judgment was inclusive of the maximum amount of attorneys fees as provided under the Note, to wit, $7,500. The judgment was filed in all counties in which the Debtor owned real property, creating a judicial lien on all of the Debtors' real property. It is undisputed that Newman is over secured as the value of the Debtor's property against which Newman's judicial lien attaches far exceeds the amount of Newman's claim.

Thereafter, on April 3, 1995, The Debtors filed a petition for relief under Chapter 11 of the Bankruptcy Code. Initially, Newman relied on her husband, Peter Newman, Esq., to represent her in this case. After protracted legal disputes between the Debtors and almost all of the creditors of the Debtors, a plan of reorganization was proposed and ultimately confirmed at a hearing held on June 4, 1996, wherein all secured creditors would receive 100% of their allowed claims while retaining their liens on Debtor's property, together with interest until the judgment is paid. Newman retained Pinks to represent her at the hearing on confirmation. Apparently some disagreement arose between Newman and the Debtors after the hearing on confirmation of the Debtors' plan, and Pinks provided certain assistance settling theses matters.

From approximately June 3, 1996 to January 14, 1997, Pinks continued to represent Newman in connection with this case. A review of the time sheets submitted by Pinks reveals that Pinks spent a total of 20.25 hours largely on matters concerning the Order of Confirmation. Pinks is requesting that its fees in the amount of $5,062.50 be reimbursed by the Debtor pursuant to Section 506(b) of the Bankruptcy Code. As justification for entitlement to such award, Pinks is relying on the Note, which provides that Newman is entitled to up to $7,500 in legal fees in connection with any successful enforcement action.

At the hearing on Pinks' motion under Section 506(b) of the Bankruptcy Code, the Court heard oral argument and gave Pinks an opportunity to brief the issue of whether additional fees could be awarded under this section of the Code given that (i) the Note expressly limits any award of fees in connection with enforcement of the Note to $7,500; and (ii) an award for fees in the amount of $7,500 had already been included in the prepetition state court judgment in favor of Newman.

### DISCUSSION

■ Section 506(b) of the Bankruptcy Code provides as follows:

to the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim and any reasonable fees, costs or charges provided for under the agreement under which such claim arose.

The purpose of this provision is to codify pre-Code law which permitted over secured creditors to assert as part of their claim interest, fees and costs arising under the operative credit agreement. *See, Matter of Salisbury,* 58 B.R. 635, 637 (Bankr.D.Conn.1985) (other citations omitted).

■ The critical issue in this case is whether under Section 506(b) of the Code Pinks may recoup any of its legal fees from this estate despite the fact that the Note clearly limits any recovery for collection of the note to the $7,500 which sum has already been awarded in the prepetition state court judgment. In support of its argument, Pinks attempts to analogize the facts of this case to *Matter of Salisbury, supra,* wherein the Bankruptcy Court authorized the secured creditor to recoup legal fees incurred in connection with a bankruptcy proceeding over and above the legal fees previously awarded to the secured creditor in a prepetition state court foreclosure judgment. However, the credit agreement in *Matter of Salisbury* contained no cap on the amount of legal fees which could be recouped by the secured creditor. That agreement provided that "[i]n the event of default, Borrowers agree to pay reasonable foreclosure costs as set by court." Therefore, the only issue for the court to decide in *Salisbury* was whether it was reasonable to allow additional legal fees to the creditor's counsel under Section 506(b) of the Code in addition to any judgment in foreclosure costs previously set by the Court. Had the facts been the same as in *Matter of Salisbury,* this Court would grant Pinks additional fees.

■ However, in the case before this Court, the issue is quite different. The Note clearly limits the amount of legal fees Newman can recoup from the Debtor to $7,500, regardless of whether the fees are awarded

in connection with a state court foreclosure action or any other need for legal services to collect thereon. Nothing in the language of Section 506(b) of the Code or in *Salisbury* suggests that a creditor such as Newman can recoup additional fees merely because the borrower, in this case the Debtor, filed a petition in bankruptcy which resulted in collection becoming additionally complicated, requiring legal services greater than those usually required in a foreclosure action. Section 506(b) extends the right of payment for legal costs and fees only as they are provided for in the underlying agreement. The note evidences the contract between the Debtor and Newman. It reflects the underlying agreement. The restrictions contained in the Note cannot be modified by Section 506(b) of the Bankruptcy Code so as to enlarge the rights of the lender. Section 506(b) clearly permits an unsecured creditor to receive more than an under secured creditor would receive, but does so only if the underlying agreement provides for such payment. In this case, the note did provide for reasonable costs and attorney's fees, but limited the amount to $7,500.00. Pinks has cited to no other authority in support of its argument, and the Court has been unable to find any other cases which contravene its interpretation of this provision.

■ In its brief, Pinks has made an alternative argument under Section 503(b)(3)(D) of the Code that its services warrant payment by the Debtor as they constituted a substantial contribution to the case. This argument was never advanced in Pinks' original papers, nor was this argument raised at the hearing, thereby precluding any opposition by parties in interest. Aside from the fact that Pinks fails to provide adequate information for this Court to make such a determination, Pinks has failed to comply with the notice and hearing provisions required in this subsection. Therefore, Pinks' request is denied in its entirety.

## CONCLUSION

For the aforementioned reasons, the Court denies Pinks' application for fees under Sections 506(b) and 503(b)(3)(D) of the Code.

Settle an order in accordance with this decision within seven (7) days hereof.